William Gilbert filed this medical malpractice action against Dr. John Campbell. Gilbert claims that Dr. Campbell negligently left a portion of a Penrose drain in his abdomen. At trial, after the close of the defendant's case, the trial court directed a verdict in favor of the defendant physician on the ground that there was no evidence of negligence. Gilbert appeals. We affirm.
In December 1979, Gilbert underwent an anterior resection of the colon to remove a tumor. Dr. Campbell performed the operation. During the operation, the colon had to be lifted and moved out of the way. Dr. Campbell testified that he occasionally utilized a Penrose drain to do this, although he could not recall whether one was used during Gilbert's operation. He stated that before closing the site of the operation he checked and did not see any pieces of Penrose drain or other foreign matter.
Subsequently, in May and June of 1980, Gilbert was readmitted to the hospital for treatment of infections in the same area of the abdomen. During both stays Penrose drains were inserted through his rectum to drain infected material from a pelvic *Page 1049 
abcess. The first drain came out on its own. The second one was removed by the routine method, i.e., pulling it out through the rectum. Throughout this time Gilbert had infections in his abdomen, and eventually, a fistula, or tunnel between the abcess and the exterior left buttock, developed. In April 1981, he was referred to Dr. Halpern, who performed an operation to close off the fistula from the inside. Dr. Halpern found, in the tract of the fistula, among other things, a piece of Penrose drain approximately two inches in length. This was removed.
Gilbert urges us to apply the doctrine of res ipsa loquitur to this case. He argues that he has established a prima facie case of negligence against Dr. Campbell under the doctrine of res ipsa loquitur. We have never held that this doctrine may be used in a medical malpractice action to prove negligence. The rule in Alabama is that expert medical testimony is required to establish what is and what is not proper medical treatment and procedure. See, Moses v. Gaba, 435 So.2d 58 (Ala. 1983).
Expert medical testimony is required in this case to describe the proper use, purpose, insertion, and removal of a Penrose drain. Drs. Halpern and Campbell testified that a Penrose drain is a latex tube, varying in width and length. It is designed to serve as a temporary drain of fluids, infected matter, and other material. Neither had heard of any procedure for, or requirement that, the Penrose drain be measured prior to insertion and after removal to determine whether the full length of the tube had been removed. Neither followed such a procedure, and Dr. Campbell admitted that no measurements or comparisons of the lengths of the drains as they were inserted and removed were made during his treatment of Gilbert. Both physicians conceded that a drain may break while inside the body, leaving a piece inside while the rest of the drain is removed. Dr. Halpern testified that a physician probably would not know if a drain broke unless it was apparent to him that the portion removed was less than the length inserted. Dr. Campbell said that if a Penrose drain were to break while it was being removed, he probably would know because he would feel something "pull or snap," and the broken end of the drain would be jagged.
There was undisputed expert testimony from Dr. Halpern that there had been no substandard medical practice by Dr. Campbell in the course of his treatment of Gilbert, including the use of the Penrose drain. According to the expert testimony, the standard medical procedure requires that a physician, who is aware of the presence of a non-functioning piece of Penrose drain inside the patient's body, remove it as soon as possible. There was no evidence that Dr. Campbell's conduct fell below this standard. It is undisputed that he had no knowledge of the presence of the drain. It failed to show up on the X-rays, and it was not capable of being seen upon external examination. Furthermore, due to the nature and severity of Gilbert's illness, Dr. Campbell had no reason to believe that his suffering was caused by something other than the disease.
The mere fact that Gilbert's condition may have been made worse by the presence of the drain and the fact that a piece of the drain was found in his abdomen does not shift the burden of proof. Moses v. Gaba, 435 So.2d at 61. Gilbert failed to present a scintilla of evidence that Dr. Campbell was negligent, and it was, therefore, proper to direct a verdict in favor of the defendant.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 1050