This appeal arises from a suit filed by Herman A. Keeton and Amy T. Keeton against the Bank of Red Bay, Red Bay Lumber Company, Dr. Z.L. Weatherford, Pat Childers Nelson, and Romie Duncan, seeking $1,000,000.00 in damages for breach of contract, outrageous conduct, bad faith, fraud, and misrepresentation. The trial court, without a jury, heard evidence during five days of oral testimony and entered judgment in favor of Appellees, but made no written findings of fact or conclusions of law. Appellants' motion for reconsideration or, alternatively, for a new trial, was denied; thus, this appeal. We affirm.
The uncontroverted facts are that Appellant Herman A. Keeton owned a lumber mill in Red Bay, Alabama, and operated it as the Keeton Lumber Company. During *Page 939 
the period of early 1967 through April of 1975, Keeton borrowed a total of $104,565.39 from the Bank and $196,949.63 from Dr. Weatherford. Keeton had, during this time, induced the Bank to make loans by presenting to the Bank certain invoices which Keeton alleged represented shipments of lumber to buyers. The Bank would loan Keeton 80% of the face value of the invoices, take the invoices, and look for repayment as the invoices were paid.
Property of the Keeton Lumber Company was mortgaged as security for some of the loans; therefore, when the loans were in default, foreclosure proceedings were commenced. Prior to the date set for the foreclosure sale, Keeton, Dr. Weatherford, and the Bank entered an agreement whereby, rather than foreclosing on the mortgages and shutting down the mill, Red Bay Lumber Company would take over the Keeton Lumber Company for one year, thus giving Keeton the opportunity to get his financial matters in order and then to buy back the mill.
Testimony at trial indicated that this agreement was reached because Keeton allegedly had a buyer interested in the mill and the value of the mill would be greatly enhanced if the mill continued to operate. Keeton reviewed, approved, and executed both the agreement/contract and a deed with a bill of sale conveying to Red Bay Lumber Company all of Keeton's right, title, and interest in all the real estate, equipment, machinery, parts, inventory, and work in progress involved with the Keeton Lumber Company.
Red Bay Lumber Company took over the operation of the Keeton Lumber Company, with Appellees Romie Duncan and Pat Childers Nelson handling the day-to-day business matters of the mill. The Bank made a number of further loans and advances to Red Bay Lumber Company during the following year.
When the agreement year was up, the Bank reconveyed the mill, inventory, accounts receivable, and all equipment to Keeton upon his payment of the redemption price. Keeton then filed suit, claiming he had been defrauded by Appellees in their alleged mismanagement of the mill and their alleged conspiracy in arriving at the redemption price, which, Appellants say, they "had no alternative but to accept . . . as correct because of the imminent redemption deadline date and because of the [Appellees'] refusal to supply any financial information prior to the [Appellants'] redemption."
The remainder of the material factual evidence was fiercely disputed. The testimony of the various witnesses yielded contradictory accounts of everything from who initiated the negotiations for the agreement to the methods used to value the mill and its properties. There was conflicting testimony concerning the inventory of the mill's equipment and work in progress at the time of the agreement; whether Keeton or any of the Appellees removed inventory or equipment from the mill premises and for what reasons; the history of the financial difficulties of both Keeton and the mill (including past threats of foreclosure); the accounting method used for computing "operating losses" during the year of Red Bay's operations and for computing the final redemption figure; the sale of certain mill property as salvage and the sale of mill equipment and machinery during the year of operations under the agreement; whether Keeton had access to the mill's records during the year under the agreement; the loss of (and later regaining of) the mill's Southern Pine Inspection Certification; and the veracity of invoices representing shipments from the mill allegedly made before Red Bay's takeover of mill operations.
In their briefs to this Court, all parties merely restate that evidence adduced at trial which would support their contentions of either justification for the decision of the trial court or of a conclusion "overwhelmingly" contrary to the final judgment for Appellees. We note, too, that, in setting forth the "issue on appeal" in their brief, Appellants simply recite the standard of appellate review of a final judgment entered by the trial court after hearing ore *Page 940 tenus evidence without a jury. We emphasize that the only ground for challenge of the judgment here presented is theweight and preponderance of the evidence, not the sufficiency
of the evidence.
In applying the appropriate standard of review to the instant case, we find, initially, that the wrongs complained of by Appellants are questions to be determined by the trier of fact.John Deere Industrial Equipment Co. v. Keller, 431 So.2d 1155
(Ala. 1983) (fraud and breach of contract); American RoadService Co. v. Inmon, 394 So.2d 361 (Ala. 1981) (outrageous conduct).[1] Further, it is fundamental law in Alabama that when the trial judge sits as the trier of fact, and hears ore tenus
evidence, his resolution of the factual issues, based upon that evidence, is presumed correct and will be affirmed by this Court if, under any reasonable aspect, it is supported by any credible evidence. This we call the "ore tenus" rule. Chism v.Hicks, 423 So.2d 143 (Ala. 1982); Dicon, Inc. v. Great Atlantic Pacific Tea Co., 381 So.2d 18 (Ala. 1980). It is the burden of the appellant, then, in an appeal from a judgment subject to the ore tenus rule, to prove that the judgment is either unsupported by any credible evidence or is plainly erroneous and manifestly unjust — which burden the instant Appellants have not carried.
Neither does the trial court's failure to enter findings of fact or its denial of Appellants' post-judgment motion indicate error:
 "[I]n the absence of specific findings of fact by the trial court, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. Thomas v. Davis, 410 So.2d 889 (Ala. 1982); O'Connor v. Rabren, 373 So.2d 302 (Ala. 1979). In addition, a strong presumption of correctness is indulged in favor of the trial court regarding its rulings on a motion for new trial. Shiloh Construction Company, Inc. v. Mercury Construction Corporation, 392 So.2d 809 (Ala. 1980)." Alabama Farm Bureau Mutual Casualty Insurance Company v. Moore, 435 So.2d 712, 714 (Ala. 1983). See, also, Stallworth v. First National Bank of Mobile, 432 So.2d 1222 (Ala. 1983).
When we apply the ore tenus standard of review to the conflicting testimony before the trial judge in the instant case, we find competent evidence supporting his judgment, and we cannot say that the judgment was erroneous and manifestly unjust. Because we find no error below, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] A tort claim for bad faith breach of contract is not a cognizable cause of action except in the context of a contract of insurance. Sprowl v. Ward, 441 So.2d 898 (Ala. 1983).