516 So.2d 602 (1987)
Evelyn R. CROWDER
v.
MEMORY HILL GARDENS, INC., et al.
86-676.
Supreme Court of Alabama.
October 2, 1987.
Rehearing Denied November 6, 1987.
C. Delaine Mountain, Barbara W. Mountain, and Vickie E. House of Mountain & Mountain, Tuscaloosa, for appellant.
Sam Phelps of Phelps, Owens, Jenkins, Gibson & Fowler and Wilbor J. Hust, Jr. of Zeanah, Hust & Summerford, Tuscaloosa, for appellees.
JONES, Justice.
The plaintiff, Evelyn Crowder, appeals from a partial summay judgment, made final pursuant to Rule 54(b), A.R.Civ.P., dismissing the plaintiff's claims based on fraud and outrageous conduct. We affirm as to the outrage claim and reverse as to the claim for fraud.
On September 9, 1982, the plaintiff and her husband, James Crowder, signed a contract to purchase from Memory Hill Gardens, Inc. ("Memory Hill"), two cemetery plots, one bronze memorial plate, and two burial vaults. Mrs. Crowder claims that she and her husband were induced to enter this contract by Booker Campbell, an employee of Memory Hill, who told the Crowders that, with the execution of this contract, they would receive a certificate entitling them, upon presentment, to a 20% discount on funeral services rendered by *603 Memory Chapel Funeral Homes, Inc. ("Memory Chapel").[1]
Several days after executing the contract, the Crowders received a letter on Memory Hill letterhead, signed by defendant M.B. (Morgan) Brown as manager of Memory Hill. Enclosed with the letter was a payment book and the 20% discount certificate. The certificate read, in bold letters:
"THE BEARER OF THIS CERTIFICATE, UPON PRESENTATION, IS ENTITLED TO A 20 PERCENT DISCOUNT ON FUNERAL SERVICES RENDERED BY MEMORY CHAPEL FUNERAL HOME
"This Certifies that James F. Crowder and/or Evelyn R. Crowder (wife) is the purchaser and/or owner of Crypt No _____ Lot No. 60-D 1-2, Section Prayer, and is entitled to a Twenty Percent Discount on Funeral Services when rendered by Memory Chapel Funeral Home." (Capitalization in original.)
The certificate was authorized and endorsed by M.B. Brown as agent of Memory Chapel. In the lower left corner of the certificate appeared the following statement: "Memory Chapel Corporation reserves the right to cancel or recall this certificate, if for any reason it deems advisable." Mrs. Crowder testified during her deposition that she did not notice this language on the certificate when it arrived in the mail and that she put the certificate into a folder that Campbell had given her. She also stated that, prior to her husband's death, she received no notice either of cancellation or recall of the discount certificate.
James Crowder died on August 24, 1985. On August 25, 1985, Mrs. Crowder and several of her children met with Brown to make arrangements for Mr. Crowder's funeral. Mrs. Crowder presented her 20% discount certificate to Brown, but he refused to honor it. From Brown's office the family went to another building that housed the office of Memory Hill. There they met with Jerry Robinson, manager of Memory Hill, to make the cemetery arrangements for Mr. Crowder's funeral. During this discussion, James Crowder, Jr., showed the discount certificate to Robinson. Robinson told the family that the certificate did not apply to the cemetery and that he was unaware that the certificate was not being honored with respect to services being rendered by the funeral home.
Mrs. Crowder and her son James both testified in deposition that Brown said that the new owner of the funeral home was refusing to honor the certificates because they had been issued by the previous owner. During his deposition, Brown stated that, although he had not been ordered to do so, he had refused to honor Mrs. Crowder's discount certificate because Memory Chapel was under new ownership and he did not know whether Jim Moore, the new owner, would continue to honor the certificates; and because the Federal Trade Commission had recently assumed the regulation of funeral homes and Brown was not sure what he could or could not do under FTC rules. Therefore, testified Brown, he decided to stop honoring the certificates "on the backup until ... [he] knew what [Memory Chapel] could do." Brown also stated, however, that he did not contact the FTC to inquire whether the certificates were valid under the FTC's regulations, and that he had never received or read a copy of any FTC rules.
Additional testimony elicited from Mrs. Crowder and her sons, James and Jerry, during their depositions revealed that Jerry Crowder's brother-in-law, Virgil Ray, had died two days before Mr. Crowder died. Ray's parents presented an identical 20% discount certificate to Memory Chapel and it, too, was dishonored. M.B. Brown testified, however, that because Ray's family complained about the cancellation of the *604 certificate, he and Jim Moore, the owner of Memory Chapel, agreed to honor the certificate. Brown went on to say that he would have honored Mrs. Crowder's certificate if she had acted as Ray's family did or if she had come back and requested that he reconsider his decision not to honor the certificate. He did not, however, contact Mrs. Crowder at a later time to inform her that Memory Chapel had resumed honoring the certificates.
Mrs. Crowder filed suit on January 30, 1986, against Memory Hill, Memory Chapel, and later, by amendment, M.B. Brown, alleging breach of contract, fraud, and outrage. On January 5, 1987, the trial court granted the defendants' motions for partial summary judgment as to the claims for fraud and outrage. Mrs. Crowder filed a second amended complaint on January 7, 1987, adding counts IV, V, and VI, and again alleging fraud, but setting out more specifically both the actions of the defendants upon which her claims were based and the damages alleged to have resulted therefrom. The trial court granted the defendants' motions for summary judgment as to these added claims,[2] and made the partial summary judgment final, pursuant to Rule 54(b), A.R.Civ.P. Mrs. Crowder appeals, contending that her claims for fraud and outrage should not have been disposed of by summary judgment. We agree as to the fraud claim and disagree as to the outrageous conduct claim.
To show an entitlement to summary judgment, the movants bear the heavy burden
"`of clearly showing that ... there is an absence of a genuine issue as to any material fact. The moving party must be entitled to the ... judgment as a matter of law. Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the nonmovant.'
"Butler v. Michigan Mut. Ins. Co., 402 So.2d 949, 951 (Ala.1981) (citations omitted). See Day v. Merchants Nat'l Bank of Mobile, 431 So.2d 1254, 1256 (Ala. 1983).
"By the same token, a summary judgment motion, properly supported as provided for under Rule 56(e), Alabama Rules of Civil Procedure, must be granted `unless the adverse party makes an evidentiary or factual showing in opposition to show that there is a genuine issue of fact for trial.' Butler, 402 So.2d at 951." Berkel & Co. Contractors v. Providence Hospital, 454 So.2d 496, 501 (Ala.1984).
Mrs. Crowder argues that because she provided factual evidence in opposition to the defendants' motions for summary judgment, summary judgment was inappropriate in disposing of her claim of fraud. According to both statutory and case law in Alabama, says Mrs. Crowder, the acts of the defendants clearly amounted to actionable fraud and the evidence before the trial court was sufficient to create an issue of material fact as to whether written and oral representations made to Mr. and Mrs. Crowder by the defendants were indeed fraudulent.
The elements of an actionable fraudulent representation are 1) a false representation 2) concerning a material existing fact, which was 3) relied upon by the plaintiff 4) to his detriment. § 6-5-101, Ala. Code 1975; International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977). The suppression of a material fact, in order to amount to fraud, must include 1) the suppression of a material fact 2) that the defendant was under a duty to communicate 3) either because of a confidential relation between the plaintiff and the defendant or because of the particular circumstances of the case. § 6-5-102, Ala. Code 1975; Chapman v. Rivers Construction Co., 284 Ala. 633, 227 So.2d 403 (1969).
In order to establish a cause of action under either of these two statutes, the plaintiff must produce evidence of a *605 present intent on the part of the defendant to deceive the plaintiff either by the misrepresentation of an existing material fact or by the suppression or active concealment of an existing material fact. See Berkel, supra, 454 So.2d at 505; Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala.1983); Kaye v. Pawnee Construction Co., 680 F.2d 1360 (11th Cir.1982). Further, the misrepresentation or suppression of the existing material fact must have led the plaintiff to act to his detriment in reasonable reliance thereon. Cooper v. Rowe, 208 Ala. 494, 94 So. 725 (1922); United States v. Burgreen, 591 F.2d 291 (5th Cir. 1979).
The evidence before us reveals that the defendants are engaged in a business that brings them in contact with persons either anticipating or experiencing the most extreme emotional upheaval this life affords. The very nature of the defendants' services requires of the defendants a high degree of care and skill in executing a clear, precise contract so that, when the services called for by the contract are required, the family of the deceased person is spared the additional trauma of having to renegotiate the terms of their relationship with the funeral home and cemetery.
Here, Mr. and Mrs. Crowder, in reliance on the representations of Booker Campbell,[3] executed a contract designed to relieve them of having to deal with certain aspects of a funeral when the need for such services arose. Instead, when Mrs. Crowder found herself preparing for a funeral for Mr. Crowder, a portion of the contract with the funeral home/cemetery was arbitarily denied. At the most emotionally vulnerable time in her lifeat the moment of the death and burial of her husbandMrs. Crowder found herself at the mercy of the defendants and their interpretation of her contract with them.
In light of the instant facts, the trial court necessarily preempted the jury's factfinding prerogative in concluding that there was no evidence from which to infer a material issue of fact and granting the defendants' summary judgment. The defendants' duty to inform Mr. and Mrs. Crowder of the details of the contract and of the possibility that a portion of the services promised could be refused is a question of fact, the resolution of which depends upon the inferences to be drawn from evidence as to the relation of the parties, the value of the facts given or withheld, the relative knowledge of the parties, and other relevant circumstances. Bank of Red Bay v. King, 482 So.2d 274 (Ala.1985); Jim Short Ford Sales, Inc. v. Washington, 384 So.2d 83 (Ala.1980); First Virginia Bankshares v. Benson, 559 F.2d 1307, rehearing denied, 564 F.2d 416 (5th Cir.1977), cert. denied, 435 U.S. 952, 98 S.Ct. 1580, 55 L.Ed.2d 802 (1978). Therefore, it was within the prerogative of the factfinder to infer that the certificate issued to Mr. and Mrs. Crowder, upon their execution of the contract with Memory Hill, was used to induce them to execute the contract and was issued with no intention on the part of the defendants to honor it at any time, and that the dishonoring of Mrs. Crowder's certificate was purely arbitrary.
Mrs. Crowder's second argument on appeal is that the court erred in granting summary judgment as to her claim that the defendants were guilty of the tort of outrage. We disagree. We hold that the evidence will not support a finding that the defendants' conduct was "so outrageous in character and so extreme in degree as to *606 go beyond all possible bounds of decency and ... be regarded as atrocious and utterly intolerable in a civilized society." American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala.1980) (citing Comment (d), Restatement (Second) of Torts § 46, p. 72 (1948). See, also, Keeton v. Bank of Red Bay, 466 So.2d 937 (Ala.1985); National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133 (Ala.1983).
We conclude that the trial court did not err in granting the defendants' motions for summary judgment as to Mrs. Crowder's claim for outrageous conduct. Therefore, the judgment appealed from is affirmed as to the tort of outrage claim and reversed as to the fraud claim, and the cause is remanded for further proceedings in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
In order for Mrs. Crowder to have a viable action for the alleged misrepresentation, her reliance on the defendants' statement must have been reasonable. Taylor v. Moorman Mfg. Co., 475 So.2d 1187 (Ala. 1985). The defendants contend that it was unreasonable for her to rely on the representation because of the "cancel or recall" language on the certificate evidencing Mrs. Crowder's 20% discount. While it perhaps would have been unreasonable for her to believe that she would get a 20% discount, no matter what or when, it was not unreasonable for her to believe, and to rely on the belief, that the 20% discount certificate would not be cancelled or recalled at the very time she tried to use it.
NOTES
[1] Memory Hill (the cemetery) and Memory Chapel (the funeral home) are two separate corporations. Memory Hill is owned by Mrs. Max Biggs. Booker Campbell is an employee of Memory Hill, and Jim Moore is the manager of that corporation. M.B. (Morgan) Brown is the manager of Memory Chapel, but the corporation is owned by Jim Moore, who purchased it from his father-in-law, Max Biggs.
[2] On February 2, 1987, Mrs. Crowder filed a motion to reconsider the trial court's January 5 ruling. This motion was considered and denied with the trial court's consideration and granting of the defendants' motions for summary judgment as to the added counts IV, V, and VI of the amended complaint.
[3] We recognize that, in a recent case involving similar facts, this Court held that the plaintiff had proffered no factual evidence of fraud and, therefore, that summary judgment for the defendant was proper as to the plaintiff's claim for fraud. See Hinson v. Center Court Productions, Inc., 514 So.2d 1374 (Ala.1987). In Hinson, however, the defendant was a "middleman" who solicited the plaintiff's execution of a contract that, by its terms, was subject to the approval of a third party. We held that under the contract's express terms, the defendant could not be guilty of a misrepresentation because the final approval of the plaintiff's activities under the contract was solely within the discretion of the third party. In the instant case, however, there is no "middleman," and the discount certificate was represented directly to Mrs. Crowder by an employee of Memory Hill (allegedly acting as an agent of Memory Chapel). Further, the validity of the certificate was not made subject to the approval of any third party outside the contract.