The plaintiff appeals from a summary judgment for the defendants in an action for fraud and breach of contract. We affirm in part, reverse in part, and remand.
In January 1986, Buchanan, an employee of Center Court Productions, approached Eddy Hinson to solicit Hinson's participation in an upcoming "Better Living Show" at a shopping mall in Dothan. Buchanan told Hinson that Hinson's business Interconnect Telecom Company, would be the only telecommunications systems company participating in the show. Buchanan also showed Hinson a letter from the mall management commending Buchanan on the previous year's show.
Hinson delayed making a decision until he had verified Buchanan's statements with the mall office. Several days later, however, Hinson signed a contract for participation in the show and gave Buchanan a check for $250. The contract, signed on January 27, 1986, gave Hinson a 10-foot by 10-foot display space in the show (to be held March 2-9, 1986) for a total rental fee of $500, with a balance of $250. At the bottom of the contract, in distinctive type and separate from the body of the contract, were the words "ALL CONTRACTS SUBJECT TO MALL APPROVAL."
Hinson began preparations for the show by purchasing approximately $4,000 of equipment to display, demonstrate, and sell. Three days before the show, however, Buchanan informed Hinson that Interconnect Telecom would not be allowed to participate in the show and that the home office of Center Court Productions would return Hinson's $250 rental payment.
In his deposition, Hinson stated that when he questioned Buchanan about the reason for the cancellation, Buchanan finally said that the GTE telecommunications company was responsible. Hinson had been "let go" from GTE several years before. Hinson also stated in his deposition that, according to Buchanan, GTE, which maintained a store within the mall, was a member of the mall's merchants association and could have disapproved Hinson's contract for participation in the show.
Hinson sued Center Court Productions for fraud and breach of contract. Center Court filed an answer denying all of Hinson's allegations and filed a motion for summary judgment. The trial court, after considering the pleadings, Hinson's deposition, the affidavit of Hinson's secretary, and the exhibits of record, granted Center Court's motion for summary judgment. *Page 1376 
Hinson's Rule 59(e), A.R.Civ.P., motion was denied and this appeal followed.
Hinson argues that summary judgment was an inappropriate disposition of his tort claim because the reasonableness both of his activities in reliance on Center Court's representations and of Center Court's failure to notify Hinson of the contract's cancellation within a reasonable time before the show were factual questions to be resolved by the factfinder.
After careful review of the record, however, we find no factual evidence to support Hinson's claim of fraud against Center Court. The document giving Hinson the right to participate in the show clearly stated that the contract was subject to the mall's approval. Center Court, then, did not control, or advise the mall with regard to, the final approval of any contract for participation in the show. Therefore, based on the express language of the contract, Center Court, as a matter of law, could not be guilty of a misrepresentation to Hinson as to the approval of Hinson's participation in the show. It was Center Court's duty, as the "middleman," to solicit participants for the show and to obtain the execution of a proposed contract with each participant. The final approval — or disapproval — of those contracts, however, was exclusively within the authority of the mall association.
Further, under Alabama law, it was the duty of each participant to read and understand the terms of its contract and to act accordingly. See Webb v. Reese,505 So.2d 321 (Ala. 1987); Torres v. State Farm Fire Cas.Co., 438 So.2d 757 (Ala. 1983). Because the instant contract made it clear that the final approval of each participant was controlled by the mall and not by Center Court, we find that Hinson acted unreasonably in not inquiring of the mall authorities as to the status of his participation in the show prior to his preparing for the show. Hinson's reliance on Center Court's assurance of Hinson's participation in the show was unjustified and, therefore, his claim for misrepresentation was properly disposed of by summary judgment. See Torres v. State FarmFire Cas. Co., 438 So.2d 757 (Ala. 1983).
Turning to Hinson's contract claims, we first note that the issue here is not the judicial construction of a written instrument — an issue that, under appropriate circumstances, may be decided on motion for summary judgment. See Terry Cove North v. Baldwin County Sewer Auth.,480 So.2d 1171 (Ala. 1985). Indeed, in his brief to this Court, Hinson admits that the contract he signed was unambiguous and clearly stated that the mall[1] had the option of approving or disapproving the participation of the exhibitors.
In addition to the rights and duties imposed by its clear and unequivocal written terms, however, the Hinson/Center Court contract granted to the parties the right to any damages reasonably contemplated as a result of a breach of the contract. Therefore, the issue of Hinson's allegations of breach and of resulting consequential damages, in light of the question of the timeliness of the notice to Hinson, yielded a question of material fact, which the trial court was not authorized to resolve. See Rule 56(c), A.R.Civ.P.;Marshall Durbin Farms, Inc. v. Landers,470 So.2d 1098 (Ala. 1985).
Factual inferences that could be drawn from the evidence must be resolved in favor of Hinson. Braswell Wood Co. v.Fussell, 474 So.2d 67 (Ala. 1985). The trial court, then, committed error when, on summary judgment motion, it engaged in a resolution of conflicting inferences in favor of Center Court with respect to Hinson's claim for breach of contract.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
[1] We have used the terms "mall," "mall management," "mall office," and "mall association" as those words were used by the parties in their briefs. These terms are descriptive only and are not to be understood as correct legal designations of specific entities. *Page 1377