HOLMES, Judge.
This is a summary judgment case.
The plaintiff sued the defendant. The trial court granted summary judgment in favor of the defendant.
The plaintiff appeals and we affirm.
We first note that the trial court’s granting of summary judgment was proper if we determine that there was no genuine issue of material fact and that the party which was granted summary judgment was enti- *181 tied to judgment as a matter of law. Black v. Freeman Lumber Co., 509 So.2d 914 (Ala.Civ.App.1987).
Thus, the issue is whether the trial court was correct in determining that there were no genuine issues of material fact and that the movant was entitled to judgment as a matter of law with respect to the matters as presented on appeal.
The learned and distinguished trial judge entered a detailed order. His order is as follows:
“Clara Eady (Eady) has sued Southern States Ford, Inc. (Southern States), on legal theories of fraud, suppression, and conversion arising out of her purchase of a new automobile from Southern States. Southern States has filed a motion for summary judgment in its favor on all claims.
“THE CLAIM FOR SUPPRESSION
“Eady contends that without telling her, Southern States included in the purchase price of the automobile charges for Adjusted Market Value (AMV) and Customer Protection Package (CPP) and that Southern States had a duty to disclose that she was paying for these additional items.
“It is undisputed that AMV is nothing more than additional dealer profit which is added to the sticker price of the automobile. It is likewise undisputed that CPP is a protection package (undercoating, paint protection, and fabric protection) which is added to the sticker price.
“Eady must prove either the existence of a confidential relationship between the parties or the existence of other special circumstances before the court can find a duty to disclose. Webb v. Renfrow, 453 So.2d 724 (Ala.1984). The court holds that Southern States was under no duty to disclose to Eady that she was being charged for these items. The Monroney Bill (Tit. 28 § 1231 — § 1233) imposes a duty on manufacturers but not dealers; therefore, Southern States has no duty as a matter of law to disclose. Likewise, Eady has failed to produce any evidence of a confidential relationship or other special circumstances which creates a duty to disclose by Southern States.
“THE CLAIMS FOR FRAUD
“I
“Eady claims that Southern States sold her the automobile without applying the protection package, even though she was charged for it, and that Southern States either knowingly or recklessly sold her the car without the package.
“Eady must prove that Southern States represented that she was purchasing a protection package and that she relied on this representation in purchasing the car. Bowman v. McElrath Poultry Co., 468 So.2d 879 (Ala.1985). Inasmuch as Eady also claims that she was unaware that she was buying a protection package, there was no representation upon which she could have relied. Although there are some, and perhaps many, instances when a party may allege and pursue a case on inconsistent factual theories, under the circumstances sub ju-dice the theories are so inconsistent that no properly functioning jury could resolve these conflicting claims in Eady’s favor. Cf., Matsushita Elec. Ind. Co. v. Zenith Radio Corp. [475 U.S. 574], 106 S.Ct. 1348 [89 L.Ed.2d 538] (1986); Anderson v. Liberty Lobby, Inc. [477 U.S. 242], 106 S.Ct. 2505 [91 L.Ed.2d 202] (1986); and Celotex Corp. v. Catrett [477 U.S. 317], 106 S.Ct. 2548 [91 L.Ed.2d 265] (1986).
“II .
“Eady claims that Southern States represented to her that the price of the automobile was $9,955.00 and that this representation was made by the sticker price on the car and/or the salesperson.
“In response to Southern State’s motion for summary judgment, Eady filed, among other things, an affidavit to the effect that she did not see the sticker price; therefore, in view of this disclosure there was no representation made *182 by the sticker on which she could have relied.
“When Eady closed the transaction, she signed a retail order and invoice which clearly shows the basic delivered price of the unit [car] as $10,869.00. In affidavit, Eady says that she paid no attention to this figure; however, she does not suggest that she was prevented from examining the document or that the figure was otherwise kept from her. Based on the above, the court holds that her fraud claim on this factual theory must fail. See Hinson v. Center Court Productions, Inc., [514 So.2d 1374] (Ala.1987).
“CONVERSION
“Eady financed the purchase of the car through Ford Motor Credit Company. The court holds that Eady’s claim that Southern States converted a portion (those proceeds to pay AMV and CPP) of a sight draft from Ford Motor Credit Company to Southern States fails to state a claim upon which relief can be granted.
“JUDGMENT
“It is ORDERED that Southern States Ford, Inc.’s motion for summary judgment is Granted on all of Clara Eady’s claims and that judgment is entered in favor of Southern States Ford, Inc., and against Clara Eady on all claims and her claims are Dismissed.”
(Emphasis supplied.)
Our review of the record and briefs leads us to the conclusion that, at least with respect to the issues raised on appeal, the trial judge’s order is a correct resolution of the case. We adopt his order, insofar as it addresses the issues on appeal, as our own.
We find that the specific posture and pleading of this case — for instance, that the plaintiff did not raise on appeal the issue of the trial court’s disposition of her fraud claim regarding the “protection package”— do not present genuine issues of material fact and that the defendant was entitled to judgment regarding those issues raised on appeal as a matter of law.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.