CRAWLEY, Judge.
In July 1998, Lillie Ree McGaster sued South Baldwin Hospital, Courcy and Cain, M.D.’s., P.A., and Dr. David W. Cain, alleging that Dr. Cain had negligently allowed a sponge used in gall-bladder-removal surgery to remain inside her and to cause internal injuries. The claim against the hospital and Dr. Cain’s medical practice was based upon the doctrine of re-spondeat superior. The case proceeded to a jury trial. At the close of McGaster’s evidence, each defendant filed a motion for a directed verdict, and the trial court granted each motion. McGaster appealed to the supreme court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
A motion for a directed verdict is now known as a motion for a judgment as a matter of law (“JML”). Our supreme court has stated the standard of review applicable to a JML, as follows:
“When reviewing a ruling on a motion for a JML, this Court uses the same standard the trial court used initially in granting or denying the motion. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 8 (Ala.1997). Regarding questions of fact, the ultimate issue is whether the nonmovant has presented sufficient evidence to allow the ease or issue to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). In an action filed after June 11, 1987, the nonmovant must present substantial evidence to withstand a motion for a JML. See § 12-21-12, Ala.Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. Carter, 598 So.2d at 1353. In reviewing a ruling on a motion for a JML, this Court views the evidence in a light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Id. If the question is one of law, this Court indulges no presumption of correctness as to the trial court’s ruling. Ricwil, Inc. v. S.L. Pappas & Co., 599 So.2d 1126 (Ala.1992).”
Ex parte Alfa Mut. Fire Ins. Co., 742 So.2d 1237, 1240 (Ala.1999).
Dr. Cain performed surgery on McGaster in July 1996 to remove her gall bladder. In July 1997, McGaster sought treatment from Dr. Michael Berry, because of a two- *157 week history of nausea and vomiting. Dr. Berry performed an esophogastroduode-noscopy (an “EGD”) on McGaster. He discovered a foreign object resting on the lining of her duodenum (below the stomach, leading into the digestive tract). The object was a nearly intact Raytec surgical sponge.
McGaster argues that Dr. Cain left a surgical sponge inside her and that Dr. Berry removed that sponge one year later. Dr. Cain contends that the sponge Dr. Berry removed could not be a sponge used in the operation a year earlier. Dr. Berry testified that a surgical sponge could not travel from the peritoneal cavity, where the gall-bladder surgery had been performed, through the stomach wall and into the stomach and duodenum. Dr. Berry testified that McGaster’s stomach wall had no defects in it that would allow a surgical sponge to penetrate it. Dr. Berry also testified that a surgical sponge that had remained a year inside the stomach or duodenum would not be removed almost intact, and that in such a case the duodenum would have had scar tissue forming; this, he said, was not the case with McGaster’s duodenum. Dr. Berry opined that McGaster could have swallowed the sponge shortly before she visited him; that swallowing it would have caused the nausea and vomiting; and that her swallowing it would be consistent with the location and condition of the sponge.
McGaster presented no expert evidence to explain how the sponge could have traveled from the peritoneal cavity through the stomach wall. Generally, the plaintiff in a medical-malpractice case is required to present expert testimony indicating that the health-care provider acted negligently and that the negligence caused the injury or harm incurred by the plaintiff. Ala.Code 1975, § 6-5-548; Rosemont, Inc. v. Marshall, 481 So.2d 1126 (Ala.1985). Our cases make an exception to the requirement of expert testimony when the negligence is sufficiently apparent to be understood by a layman without the use of expert medical testimony. Powell v. Mullins, 479 So.2d 1119 (Ala.1985). The supreme court has recognized that an allegation that a doctor left a foreign object inside the plaintiffs body .after surgery comes within the exception. Id.
McGaster argues that because Dr. Berry removed a surgical sponge from her duodenum and that Dr. Cain had used surgical sponges in the surgery a year earlier, no expert testimony is necessary to show that Dr. Cain had negligently allowed that sponge to remain inside her. The supreme court has held that, even when a fact situation involves a foreign object, expert testimony may still be required if the presence and/or location of the foreign object is not within the common understanding or experience of a layman. See Gilbert v. Campbell, 440 So.2d 1048 (Ala.1983) (holding that expert evidence as to the “proper use, purpose, insertion, and removal of a Penrose drain” was required in order to establish causation after a Penrose drain used in prior colon surgery was discovered in a subsequent surgery to repair damage to the abdomen). See also Dews v. Mobile Infirmary Ass’n, 659 So.2d 61 (Ala.1995).
We conclude that McGaster was required to present expert testimony. The phenomenon of a sponge used in the peritoneal cavity traveling through the stomach wall, remaining in the stomach and duodenum for a year intact without scarring tissue is not within the common knowledge or experience of a layman. Therefore, the trial court properly entered a JML for all the defendants.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.