This appeal, from a judgment based on a jury verdict for the Plaintiff on a fraud claim, under § 6-5-101, Code 1975, presents a sufficiency of the evidence issue. We affirm.
That the evidence of record amply supports the verdict is demonstrated in the following brief evidentiary recitation supportive of Plaintiff's claim: Plaintiff T T Corporation, a land developer, through its president Harris C. Grant, offered to purchase 17 lots, plus certain undeveloped land, from Defendant Bedwell Lumber Company, dealing exclusively through Bedwell's agent, Ms. White, of the Baldwin Real Estate Agency. The remaining lots within the subdivision had been sold previously and several of these purchasers had built homes thereon. Before the "closing," Mr. Grant telephoned Ms. White and expressed his concern about the "percolation of the lots." Ms. White replied that Mr. Bedwell at that very moment was in her office and she would ask him whether the lots would support septic tanks. Mr. Bedwell told her (and she, in turn, told Mr. Grant) that the platted lots had been approved for septic tanks, but he was not sure about the acreage.
Within a few days after the closing of the sale, Mr. Grant told Ms. White that several of the lots would not percolate. When Ms. White related this to Mr. Bedwell, he told her to have Mr. Grant contact Hand Engineering "to see what the problem was." Pursuant thereto, Hand reaffirmed its earlier finding, made on behalf of Bedwell at the time the subdivision was platted, that 5 of the 17 lots here involved failed to meet percolation tests and recommended curative action.
Upon receipt of a claim letter from Mr. Grant, Mr. Bedwell asked Ms. White to request Hand "to do whatever was necessary," which she did. Hand performed, or supervised the performance of, the corrective work, including tons of fill dirt and bulldozing, for a total cost of $17,081.04, which Bedwell refused to pay.
We have strained at the record and Appellant's brief in an effort to discern a viable issue for appellate review. Appellant's strongest position may be summarized as follows: Admitting that the evidence, though disputed, supports a finding of misrepresentation with respect to the percolation quality of the lots, Appellant insists:
 "A party has no right to rely on representation as to the condition, quality, or character of property or as to its adaptability to certain uses, where the parties stand on an equal footing and have equal means of knowing the truth. [Citing 37 Am.Jur.2d, Section 273, Fraud and Deceit; Restatement, Torts, Section 538, Comment E, and Section 542, Comment A.]
 "In the instant case, the evidence was uncontradicted that T T Corporation had knowledge of such facts which ought to have excited inquiry regarding the percolation qualities of the subject lots and which, if pursued, would have led to knowledge of the fact that the lots had not been approved by the State of Alabama for septic tanks." *Page 415 
We have no quarrel with the basic legal proposition that the representee's reliance must be reasonable under the circumstances; and, where a party has reason to doubt the truth of the representation or is informed of the truth before he acts, he has no right to act thereon. Mid-State Homes, Inc. v.Holt, 52 Ala. App. 415, 293 So.2d 476 (1974). We reaffirm the principle of the law of fraud that knowledge of such facts which ought to excite inquiry and which, if pursued, would lead to knowledge of other facts, operates as notice of these other facts. Williams v. Dan River Mills, Inc., 286 Ala. 703,246 So.2d 431 (1971).
These legal propositions, however, do not operate, here, to bar recovery. Mr. Grant testified that he was induced to close the sales transaction on the strength of Mr. Bedwell's representation that only the undeveloped property in question had percolation problems, and that the subdivided lots had been cleared for use of septic tanks. Ms. White verified Mr. Grant's version of this conversation. Mr. Grant further testified that he first knew of the percolation problem several days after the closing. The evidence justifies a finding by the jury that Mr. Bedwell, at the time he made the representation, knew that 5 of the lots in question would not "perk," and that Mr. Bedwell subsequently agreed to assume the cost of bringing these lots to the required percolation standards.
To accept Appellant's contention in this regard would be tantamount to a holding that T T Corporation, despite Mr. Bedwell's representation, was obligated, as a matter of law, to instigate an independent investigation which, if pursued, would have disclosed a public record, filed with the County Department of Health, that 5 of the purchased lots had been disapproved for septic tanks. For a case disavowing such an obligation and affirming a judgment fixing liability under similar circumstances, see Jackson Company v. Faulkner,55 Ala. App. 354, 315 So.2d 591 (1975).
We have not overlooked argument of Appellant's counsel alleging error relating to the trial Court's order granting the third party defendant's motion for new trial. We have not addressed this contention because the notice of appeal encompasses only the judgment denying Bedwell's motion for a new trial.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.