This is an appeal from a summary judgment rendered by the Circuit Court of Mobile County in favor of defendant, State Farm Fire and Casualty Company. We affirm.
For several years prior to the incident in question the plaintiffs, John and Eunice Torres, had purchased their homeowner's and automobile insurance through Clovis Goraum, a State Farm insurance agent. They testified that they relied on Mr. Goraum with regard to their insurance needs. On or about September 12, 1979, Mrs. Torres went to Mr. Goraum's office in connection with an insurance claim related to Hurricane Frederic. She testified in her deposition that "the first words out of my mouth when I went in the door were, `The first thing I want to tell you is that we want flood coverage.'" According to Mrs. Torres, Elizabeth Hawkins, Mr. Goraum's employee, replied, "I'll take care of it." The Torreses admittedly received insurance policies each year from State Farm, but testified that they were unaware that the policies provided no coverage for flood damages.
No further conversations with regard to flood insurance took place between the Torreses and Mr. Goraum's office until the plaintiffs suffered flood damage on May 4, 1981. When Mrs. Torres reported the damage to Mr. Goraum, he told her that she did not have coverage.
The Torreses' complaint against Goraum and State Farm alleged breach of an agreement to secure flood insurance, negligent misrepresentation that flood insurance would be secured, and false misrepresentation that flood insurance would be secured.
State Farm denied that it received any request for flood insurance on behalf of the plaintiffs. It also alleged that it does not sell flood insurance. Such coverage is obtainable only through the National Flood Insurance Program. See 42 U.S.C. § 4001, et seq.
State Farm filed a motion for a summary judgment based on the pleadings, the plaintiffs' depositions, and an affidavit stating that State Farm does not provide flood coverage. The trial court granted the motion and, after making an express determination that there was no just reason for delay, directed entry of final judgment in favor of State Farm. A.R.Civ.P. 54 (b).
A cause of action for misrepresentation exists when the plaintiff relies on a misrepresentation of a material fact and suffers damages as the proximate result of his reliance on the misrepresentation. Section 6-5-101, Code of Alabama. Furthermore, under Alabama law, an insurance company may incur liability as a result of the negligent misrepresentations of its agents. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110
(Ala. 1977).
Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to *Page 759 
one's own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances. If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover. Bedwell Lumber Co. v. T TCorporation, 386 So.2d 413, 415 (Ala. 1980).
 "If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, `volunti non fit injuria'."
Munroe v. Pritchett, 16 Ala. 785, 789 (1849).
For purposes of a summary judgment, the facts must, of course, be viewed in a light most favorable to the non-movants. Even so, we are not constrained to overrule the trial court. The conversation in question took place in the wake of a major disaster. The employee who told Mrs. Torres that she would "take care of it" no doubt was inundated with work at that particular time generated by claims like the Torreses' related to the hurricane. The plaintiffs relied on the statement for over a year and a half, despite the fact that they never received any premium notice for flood coverage and despite the fact that they received a homeowner's policy each year which did not provide for such coverage. We opine that, under the circumstances, the plaintiffs failed to exercise ordinary diligence in relying for so long on Ms. Hawkins's statement, when they received nothing from State Farm indicating that flood coverage had gone into effect. The failure to procure flood insurance which would have covered the loss was attributable to the plaintiffs' carelessness and neglect rather than to the misrepresentation.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.