This appeal is from a fraudulent misrepresentation action arising out of a land sale contract between plaintiffs J. Malcolm and Betty Moore and defendants Donald B. and Sylvia Dickinson. The Moores alleged that the Dickinsons fraudulently misrepresented that they owned a fee simple title to land conveyed to the plaintiffs. The jury found for the Moores and awarded damages of $32,000.00.
The facts giving rise to this action occurred as follows: J. Malcolm Moore is a part owner of a small grocery store in McIntosh, Alabama. Donald B. Dickinson owned the property surrounding the grocery store lot. Moore, needing additional property upon which to construct a warehouse for the store, contacted Dickinson in regard to purchasing a portion of his property. Dickinson initially told Moore that he would sell the land, including improvements, for $70,000.00. The parties negotiated the terms of the sale for several weeks.
Allegedly, on numerous occasions during the negotiations, Moore questioned Dickinson regarding the state of his title in the property. Each time Dickinson assured him that he owned the property, "lock, stock and barrel."
Subsequently the parties agreed upon a $60,000.00 purchase price. Additionally, Dickinson agreed to have a title opinion and survey prepared prior to closing. On October 11, 1980, Moore went to the Dickinsons' home to close the deal. Dickinson had a deed prepared by his attorney, but he did not have the title opinion as promised.
Although the deed was captioned "warranty deed," the granting clause also included the language "all of our right, title and interest," which is language usually used in a quitclaim deed. After reviewing the deed, Moore again questioned Dickinson about the title, and was again assured that there was no problem, and that he would get the title opinion in a day or two. The Moores then accepted the deed and paid the $60,000.00 purchase price to the Dickinsons.
In July 1982 an attorney in the law firm that prepared the deed notified Moore that Dickinson did not own fee simple title to the property — there being an outstanding interest to his son Donald L. Dickinson. After repeated attempts to get Dickinson to rectify the problem, the Moores instituted suit against the Dickinsons. The complaint alleged four counts: count one, for breach of warranty; count two for breach of covenant of seisin; count three, for fraudulent misrepresentation of the nature of the estate; and count four, for fraudulent misrepresentation that the property was free from encumbrances.
Count four was dismissed by stipulation, and a directed verdict was granted in favor of the Dickinsons on counts one and two. A directed verdict was also granted in favor of Sylvia Dickinson as to count three.
The case went to the jury solely on the fraudulent misrepresentation count against defendant Donald B. Dickinson. The jury returned a verdict in favor of the Moores in the amount of $32,000.00.
We initially note that in order to support a judgment for fraudulent misrepresentation the following elements must be satisfied: (1) a false representation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate *Page 138 
result of the false representation. Village Toyota Co. v.Stewart, 433 So.2d 1150, 1153 (Ala. 1983); Alabama Code 1975, §6-5-101. In addition, this court has often held that in order to recover for fraud, the plaintiff must show that his reliance upon the misrepresentation was reasonable under the circumstances. Mahoney v. Forsman, 437 So.2d 1030, 1033 (Ala. 1983).
If a party upon exercising reasonable care would have discovered the facts or have had reason to doubt the truth of the representation, the plaintiff should not recover. Torres v.State Farm Fire Casualty Co., 438 So.2d 757, 759 (Ala. 1983);Bedwell Lumber Co. v. T T Corp., 386 So.2d 413 (Ala. 1980). If a plaintiff has knowledge or notice of certain facts which would excite inquiry or surrounding circumstances which would have aroused suspicion in the mind of a reasonable person, a plaintiff cannot be said to have relied upon a misrepresentation and cannot recover. Village Toyota, 433 So.2d at 1154.
In this case, however, these general propositions will not operate to bar the Moores' recovery. The evidence presented was sufficient to support a finding that the Moores reasonably relied upon Dickinson's representation that he was conveying a fee simple title to the property.
In Shahan v. Brown, 167 Ala. 534, 52 So. 737 (1910), it was held that one acquiring real property is under no affirmative duty to examine the public records in order to ascertain the true state of the title:
 "A party asserting facts cannot complain that the other took him at his word. `Positive representation of a fact cannot be counteracted by the implication that the party might have ascertained to the contrary; under such circumstances he need not institute an independent investigation.'"
Shahan, supra, 167 Ala. at 539, 52 So. 737.
Moreover, we cannot agree with defendant's contention that the Moores' acceptance of what Dickinson calls a quitclaim deed precludes reliance upon Dickinson's representations concerning title to the property. Although the deed in question included the language "all of our right, title and interest," evidencing a quitclaim deed, it also was captioned "Warranty Deed." We need not determine here whether the deed was a warranty deed or a quitclaim deed because in either case the jury would have been warranted in finding a fraudulent misrepresentation.
In this case, while we agree that a purchaser should not "close his eyes where ordinary diligence requires him to see,"Torres, supra, 438 So.2d 757 (citing Munroe v. Pritchett,16 Ala. 785, 789 (1849)), we nevertheless cannot allow a seller of land to induce the purchase by misrepresenting facts he knew to be false. Accordingly, we affirm.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.