This is an appeal from a judgment of the Baldwin County Circuit Court based on a directed verdict for the defendants granted at the close of the plaintiffs' case.
In the fall of 1980, Randall and Beverly Hughes purchased a house from the defendants, William and Retha Cloud. The Hugheses first became interested in the house after reading about it in a multi-listing book of homes for sale in the Mobile-Baldwin County area. They contacted a sales agent with defendant real estate agency Cloud, Hall McConnell, who agreed to show them the house.
Retha Cloud was the listing agent for the house as well as an owner of the defendant real estate agency. The plaintiffs talked with Mrs. Cloud on a number of occasions after viewing the house. They contend that during at least one such conversation before purchasing the house, reference was made to information contained in the multi-listing advertisement, namely the home's square footage. The listing described the house as containing 1632 square feet of living area.
After living in the house for some three years, the plaintiffs decided to sell the house. In preparation, they engaged a listing agent. The listing agent, Julie McCarthy, measured the living area and determined that the house actually contained 1440 square feet. An appraiser's measurement fixed the total at 1184 square feet.
The Hugheses filed this suit for compensatory and punitive damages, alleging fraud in the misrepresentation of the actual square footage of the house. On January 13, 1986, at the conclusion of the evidence presented on behalf of the plaintiffs, the defendants moved for a directed verdict, and the trial court granted the motion. *Page 735 
After the trial court entered a judgment in accordance with its directed verdict, pursuant to Rule 50(b), A.R.Civ.P., and denied the plaintiffs' motion for new trial, the plaintiffs appealed.
In Dickinson v. Moore, 468 So.2d 136 (Ala. 1985), the Court summarized the elements that must be proved to support a judgment for fraudulent misrepresentation:
 "(1) [A] false representation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate result of the false representation. . . . In addition, this court has often held that in order to recover for fraud, the plaintiff must show that his reliance upon the misrepresentation was reasonable under the circumstances."
468 So.2d at 137-38.
In Torres v. State Farm Fire Casualty Co., 438 So.2d 757
(Ala. 1983), we recognized that as a matter of policy, it is as important for courts to discourage fraud as it is for them to discourage "negligence and inattention to one's own interests":
 "[T]he right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances."
438 So.2d at 759.
In the case at bar, Mr. Hughes testified that he relied on the square footage represented in the listing booklet when he negotiated a purchase price for the house. He stated further that he would not have purchased the house had he been aware of its actual size.
We note that Mr. and Mrs. Hughes had unlimited access to the house prior to purchase. With ordinary diligence, the Hugheses could have discovered the actual size of the house. They were given ample opportunity to measure the house; however, they did not do so until after they had lived there some three years.
The doctrine of caveat emptor still applies in this state in the sale of used residences. Ray v. Montgomery, 399 So.2d 230
(Ala. 1980). Accordingly, we hold that Mr. and Mrs. Hughes were not entitled to rely on defendants' representation as to the size of the house, because the actual size was readily discoverable by them. Ex parte Leo, 480 So.2d 572 (Ala. 1985). A purchaser simply cannot "[close] his eyes where ordinary diligence requires him to see," Torres, supra, 438 So.2d at 759 (quoting Munroe v. Pritchett, 16 Ala. 785, 789 (1849)), and expect to recover in a fraudulent misrepresentation action.
Even if we were to hold that the plaintiffs could and did in fact rely on the defendants' representation as to size, the plaintiffs certainly should have discovered the alleged fraud more than one year prior to filing this suit. Alabama Code 1975, § 6-2-3.[1]
For all of the foregoing reasons, we find that the trial court was correct in directing a verdict in favor of the defendants. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] This fraud claim is governed by the one-year statute of limitations of § 6-2-39, Code 1975. That section was repealed effective January 9, 1985, and the causes of action governed by it were transferred to the two-year statute, § 6-2-38. Section6-2-3 provided that the one year began to run when the fraud was discovered or should have been discovered; the one-year provision of § 6-2-3 was changed to two years effective January 9, 1985. See Ala. Acts 198485, Act 85-39. *Page 736