Webb, a dissatisfied homeowner, sued Reese, the real estate agent with whom she had listed her house for sale, alleging breach of contract, fraud, "bad faith," and "outrage". The trial court directed a verdict in favor of the defendant on all tort claims. The breach of contract claim was submitted to the jury, which returned a verdict in favor of the defendant. The plaintiff appeals but limits her assertions of error to the trial court's action on the fraud claim. We affirm.
No useful purpose would be served by reciting the facts here. We have carefully read the entire record and, viewing the facts most favorably to the plaintiff, we can say without reservation that she has failed to supply a scintilla of evidence in support of her fraud claim. This she must do to put the trial court in error in directing a verdict against her on that claim. To get to the jury in a fraud action, the plaintiff must prove a misrepresentation of a material fact upon which the plaintiff relied to his or her injury. Taylor v. MoormanManufacturing Co., 475 So.2d 1187 (Ala. 1985). Even if the defendant did tell the plaintiff that her house was sold, as she contends, she had no legal right to rely on that statement in view of the fact that the contract she signed contained a contingency, namely, that the purchase of her house was subject to the sale of the purchaser's house within a specified time. The plaintiff has a college education. The evidence indicates that she is knowledgeable about real estate transactions. She is not authorized to disregard the express terms of the contract and rest her claim on fraud, claiming that she relied on a statement which is contrary to the contract terms. A person's reliance upon a statement, even if the statement is false, must be reasonable before the law will require the speaker to respond in damages for fraud:
 "In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances. If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover. Bedwell Lumber Co. v. T T Corporation, 386 So.2d 413, 415 (Ala. 1980).
 " 'If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, "volunti non fit injuria." ' "
Torres v. State Farm Fire Cas. Co., 438 So.2d 757, 759 (Ala. 1983), quoting Munroe v. Pritchett, 16 Ala. 785, 789 (1849).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur. *Page 323