510 So.2d 162 (1987)
WOODLAWN FRATERNAL LODGE NO. 525, F. & A.M.
v.
COMMERCIAL UNION INSURANCE COMPANY, O.M. Hughes, et al.
85-647.
Supreme Court of Alabama.
April 24, 1987.
Rehearing Denied June 19, 1987.
*163 Ann Z. Arnold of Jackson & Arnold, Birmingham, for appellant.
John S. Thrower, Jr. of Ball, Ball, Duke & Matthews, Montgomery, for appellee Commercial Union Ins. Co.
John W. Clark, Jr. and Amy K. Myers of Clark & Scott, Birmingham, for appellee O.M. Hughes.
TORBERT, Chief Justice.
Appeal by Woodlawn Fraternal Lodge No. 525, F. & A. M., plaintiff, from summary judgment in favor of defendants, Commercial Union Insurance Company and O.M. Hughes, Jr., individually and d/b/a O.M. Hughes Insurance Agency, in plaintiff's action based upon breach of contract and fraud. We reverse and remand.
At some time prior to 1978, Robert Byars, plaintiff's business manager, obtained for plaintiff a named peril insurance policy providing coverage against damage to plaintiff's building. Byars dealt with O.M. Hughes, Jr., and O.M. Hughes Insurance Agency, who represented Commercial Union Insurance Company. While this policy was in force, the water pipes in the insured building froze and burst, causing damage for which a claim was made under the policy. Commercial Union paid that claim.
Later, in 1981, Byars dealt with Hughes in obtaining a renewal of that previous policy. According to Byars, at the time the renewal policy was issued, Hughes represented to Byars that it covered all risks and contained the same basic coverage previously held on the premises. Byars stated that, upon questioning Hughes as to whether the policy was "the very best you have to offer and we're covered every way that's conceivable," Hughes answered, "Yes." Byars, who took possession of the renewal policy, did not read it.
On or about December 27, 1983, the plaintiff's building was again damaged by water when pipes inside the building froze and burst. Byars stated that he contacted Hughes and was told that "you're covered." Shortly thereafter, Bob Waldrop, an adjuster for Commercial Union, called on Byars and told him that "you're covered and go ahead and repair anything you want to that belongs to and is owned by the lodge." A few days later, Byars was told by Waldrop that all the bills had been received and that "everything is approved. I'm fixing to put your check in the mail on Friday afternoon." Nevertheless, Commercial Union subsequently denied coverage under the renewal policy because a "loss caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not" was not a peril against which coverage was provided. This lawsuit followed.
Plaintiff's first count alleged that defendant Hughes, as agent of defendant Commercial Union, made misrepresentations to plaintiff concerning the all-risk coverage of the renewal policy, upon which plaintiff relied to its deteriment. A second count alleged breach of contract by failing to pay for the damage incurred on December 27, 1983. Defendant Commercial Union answered with a general denial and the affirmative defenses of (1) failure to exercise precaution to safeguard interests, and (2) the statute of limitations. Defendant Hughes answered with (1) a denial of a stated cause of action, and (2) a denial that any misrepresentations were made as alleged. Discovery ensued, with Byars and Hughes answering interrogatories and giving depositions. Thereafter, summary judgment motions were made by the defendants based upon the pleadings, the depositions of Byars and Hughes, a copy of *164 the insurance policy in question, and briefs of the parties. After consideration, the trial court granted the defendants' summary judgment motions, and plaintiff appealed.
The parties present two issues:
(1) Whether there was a genuine question of material fact on the reasonableness of plaintiff's reliance on the representations of Hughes, and
(2) Whether there was a genuine issue of material fact over the tolling of the statute of limitations due to the alleged fraudulent statements.

I.
"Legal fraud" is defined by statute, Code of 1975, § 6-5-101:
"Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
Under this principle, of course, the plaintiff's reliance must have been reasonable under the circumstances, Torres v. State Farm Fire & Cas. Co., 438 So.2d 757, 758-59 (Ala.1983):
"Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances. If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover. Bedwell Lumber Co. v. T. & T. Corporation, 386 So.2d 413, 415 (Ala.1980)."
Torres deals with a situation where the parties have initially entered into a contract. It says in effect that the policy of the law is that it is unreasonable to rely on oral statements when one is in possession of written documents that would put one on notice as to the validity of oral statements. By the same token, the written documents put the party to whom oral representations were made in a position to discover the falsity of those representations, thereby putting him on notice as a matter of law that a fraud may have been committed.
However, in this case, we are not dealing with parties who have initially entered into a contractual relationship, as was the case in Torres. The contract at issue here is a renewal insurance policy. The diligence required of parties when initially contracting is greater than when the parties renew that contract. We have held that in renewing an insurance policy the burden is on the insurer to notify the insured if the renewal policy differs from the original policy. Alliance Ins. Co. v. Reynolds, 494 So.2d 609 (Ala.1986); National Union Fire Ins. Co. v. Morgan, 231 Ala. 640, 166 So.2d (1936). Failure to notify the insured will result in the insured's being entitled to coverage under the policy as originally issued. Reynolds, supra.[1]
Because the law casts the burden on the insurer to notify the insured if a renewal policy's terms differ from the original policy, the insured's reliance on the insurer's statements that coverage is the same under the renewal policy is not unreasonable, as a matter of law. In addition, the fact that the insured had been covered under the original policy for damage resulting from frozen pipes made it all the more reasonable for its agent not to closely examine the renewal policy to see if it had the same coverage, when he had been assured by Hughes that the plaintiff had the same coverage under the renewal policy.
For the same reasons, the insured's possession of the renewal policy does not put it in a position where it should have *165 discovered the fraud as a matter of law for the purpose of starting the running of the statutory period of limitations.
The judgment is reversed.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON and SHORES, JJ., concur.
BEATTY, HOUSTON and STEAGALL, JJ., dissent.
BEATTY, Justice (dissenting):
Under the definition of "legal fraud," Code of 1975, § 6-5-101, the plaintiff's reliance must have been reasonable under the circumstances, Torres v. State Farm Fire & Cas. Co., 438 So.2d 757, 758-59 (Ala. 1983).
In Torres, the circumstances were that, despite the insureds' insistence to the agency that certain coverage be extended, i.e., flood coverage, the successive policies issued for approximately one and one-half years contained no such coverage, and, indeed, the defendant was not in the business of selling such coverage. This Court held that the insured "failed to exercise ordinary diligence in relying for so long on [the agency's statement that it would obtain flood coverage] when they received nothing from State Farm indicating that flood coverage had gone into effect."
In this case, the representation at the time the renewal policy was delivered was to the effect that it extended coverage for all risks, when in fact it did not cover the risk later causing damage. The renewal policy itself consists of 25 pages and 21 endorsements. It is not unlike other such insurance policies in its form. Nevertheless, plaintiff's business manager, Byars, did not read the policy in the approximately 29 months from its delivery to the date of the loss, choosing instead to rely upon the agent's statements. This course of inaction was a failure of ordinary diligence, for certainly within that period of time Byars himself could have personally examined the policy and ascertained the perils insured against. Especially is this true when he had so recently experienced a loss of the same character as the instant loss. Thus, Torres fits this situation like the proverbial glove, and the plaintiff should have no claim for misrepresentation under these facts. The majority simply makes a dubious exception when the policy is a "renewal" policy.
Moreover, the statute of limitations had run on plaintiff's claim. Code of 1975, § 6-2-3,[1] states:
"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."
Plaintiff took possession of the policy on or about July 2, 1981. The damage in question occurred on or about December 27, 1983. Fraud is "discovered" when it ought to or should have been discovered; that is, at the time of the discovery of facts which would provoke inquiry by a person of ordinary prudence and which, if followed up, would have led to the discovery of the fraud. Papastefan v. B & L Construction Co., 385 So.2d 966 (Ala.1980). Thus, it is sufficient to begin the running of the statute of limitations that the plaintiff knew of the facts, the policy itself here, which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry. Jefferson County Truck Growers Ass'n v. Tanner, 841 So.2d 485 (Ala.1977). In this case, approximately 49 months elapsed between the time plaintiff took physical possession of the policy and the date this action was commenced, i.e., August 5, 1985. Plaintiff has failed to disclose by way of any averment or proof why it could not have discovered the lack of coverage by ordinary diligence, or was prevented by Commercial Union or Hughes from discovering that fact. Johnson v. Shenandoah Life Ins. Co., 291 Ala. *166 389, 281 So.2d 636 (1973). See also Lewis v. East Alabama Funeral Ins. Co., 472 So.2d 1090 (Ala.Civ.App. 1985).
For these reasons, the trial court was not in error in granting summary judgment for the defendants, and, therefore, I must respectfully dissent.

ON APPLICATION FOR REHEARING
TORBERT, Chief Justice.
Appellees contend that the Court made a factual error in the original opinion. They contend that we wrongfully assumed that the renewal policy provided narrower coverage than the original policy. Admittedly, we assumed that to be true because the record appeared to show that the insurer treated identical incidents differently under the two policies. Unfortunately, we can not resolve this controversy because the record fails to disclose the provisions of the original policy.
More importantly, even assuming that appellees are correct, it would seem that it has no bearing on whether the insured's reliance was unreasonable as a matter of law, but rather would bear on whether the alleged representation that the policies were basically the same was true, an issue not before us.
OPINION EXTENDED; APPLICATION OVERRULED.
MADDOX, JONES, ALMON and SHORES, JJ., concur.
BEATTY, HOUSTON and STEAGALL, JJ., dissent from the denial of the application, but concur in the extension of the opinion.
NOTES
[1] The insured filed a complaint alleging fraud. The complaint was amended to add a contract claim. The trial court granted summary judgment for the defendants on both claims. On appeal the insured has questioned only the propriety of summary judgment on the fraud claim.
[1] This section was amended in 1985 to allow two years instead of one year. Act No. 85-39, § 2, 1984-85 Ala. Acts, 2d Spec. Sess.