Reasonable reliance or justifiable reliance? I see no difference in the two phrases. Black's Law Dictionary (5th ed. 1979) at 1138 defines "reasonable" as "[f]air, proper, just, moderate, suitable under the circumstances" (emphasis supplied) and at 778 defines "justifiable" as "[r]ightful; defensible; warranted or sanctioned by law; that which can be shown to be sustained by law."
In Chief Justice Hornsby's special concurrence, he states that "justifiable" is more subjective and "reasonable" is more objective, and that justifiability places less emphasis on neglect of the plaintiff and more on the intentional misconduct of the tort-feasor.
Perhaps I feel more comfortable with the felicitous phrase "reasonable reliance" than the suggested phrase, which is equally felicitous, "justifiable reliance," only because the change of designation will be used to change the law as set out in the following portion of Torres v. State Farm Fire Casualty Co., 438 So.2d 757, 758-59 (Ala. 1983):
 "Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances. . . .
 " 'If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, "volunti non fit injuria." '
"Munroe v. Pritchett, 16 Ala. 785, 789 (1849)."
To be actionable, as "misrepresentation," there must be a misrepresentation of a material fact that is acted upon by the opposite party (Ala. Code 1975, § 6-5-101), and an action based on "deceit" requires a willful misrepresentation of a material fact that is made to induce another to act, and the opposite party must in fact act upon it to his injury (§ 6-5-103).
The concept described in legislative parlance as "acted upon" has in judicial parlance become "reliance." *Page 1093 
Should the policy of the courts not be to continue to discourage misrepresentation and deceit and to continue to discourage negligence and inattention to one's own interest?
Would not the ground or reason of the quoted portion of Torres, the ratio decidendi of that decision — and of Dickinson v. Moore, 468 So.2d 136 (Ala. 1985); Rich Crest Homes, Inc. v. Vaughn Place, Inc.,485 So.2d 1123 (Ala. 1986); Wilson v. Brown, 496 So.2d 756 (Ala. 1986);First National Bank of Mobile v. Horner,494 So.2d 419 (Ala. 1986); Newman v. First National Bank of Mobile,497 So.2d 106 (Ala. 1986); Hughes v. Cloud, 504 So.2d 734 (Ala. 1987); Webb v. Reese, 505 So.2d 321 (Ala. 1987);Turner v. Landmark Chevrolet, Inc., 514 So.2d 1337 (Ala. 1987);Hinson v. Center Court Productions, 514 So.2d 1374 (Ala. 1987);Southern Life Health Ins. Co. v. Smith, 518 So.2d 77 (Ala. 1987); MacKinnon v. St. Louis Southwestern Ry., 518 So.2d 89
(Ala. 1987); Syx v. Midfield Volkswagen, Inc.,518 So.2d 94 (Ala. 1987); Traylor v. Bell, 518 So.2d 719 (Ala. 1987);Boswell v. Coker, 519 So.2d 493 (Ala. 1987); Pranzo v. ITEC,Inc., 521 So.2d 983 (Ala. 1988); Cherokee Farms, Inc. v.Fireman's Fund Ins. Co., 526 So.2d 871 (Ala. 1988), which all follow Torres on this point — "hypothetically be consented to today by the conscience and the feeling of justice of the majority of all those whose obedience is required by [that] rule of law?" Laun, Stare Decisis, 25 Va.L.Rev. 12, 22 (1938). I believe that it would; therefore, I would follow the doctrine of stare decisis on the concept of reliance (that which is acted upon), rather than promulgate a new test for misrepresentation or deceit that would remove the element of reliance from these causes of action unless the representation was "patently ridiculous on its face." For a plaintiff to recover for misrepresentation or deceit, I believe that he must rely on the representation and that such reliance must be reasonable (justified) under the circumstances. It may be that a plaintiff has not the intellect or education to discern what would be "patently ridiculous on its face" to a reasonable man. Should not such a person have protection in the way of a cause of action for damages if he relies on those assuring him of the medicinal properties of snake oil or clear title to the Brooklyn Bridge? On the other hand, plaintiffs could be intelligent, well-educated individuals and it still be said of them:
 "They have mouths, and speak not: eyes have they, and see not.
 "They have ears, and hear not: noses have they, and smell not."
The Book of Common Prayer 115:5 (1662).
I see no compelling reason to depart from stare decisis and to encourage ostrichism in a free, democratic, upwardly mobile society. I am not attached to the phrase "reasonable reliance." It could be that it has become a lazy judge's[1] catch word, such as Justice Oliver Wendell Holmes warned against in hisCollected Legal Papers (1921) at 230-31:
 "It is not the first use, but rather the tiresome repetition of inadequate catch words, . . . phrases which originally were contributions, but which, by their very felicity, delay further analysis for fifty years."[2]
I am content to substitute "justifiable reliance" for "reasonable reliance," but I would do so only with the clear understanding that the Torres concept of reliance was not thereby overruled.
[1] I have authored opinions using the phrase "reasonable reliance": Wilson v. Brown, supra; First National Bank v.Horner, supra; Southern Life Insurance Co. v. Smith, supra; Syxv. Midfield Volkswagen, Inc., supra.
[2] This quote from Justice Holmes was first brought to my attention by an article written by Dr. Jim Vickrey, "The Powerof Felicitous Phrasing — A Note on the Origin and Nature ofthe Right to Punitive Damages in Alabama Law," which is awaiting publication. *Page 1094