I believe, after thoroughly reviewing the record, that there was no evidence of fraud on the part of Dorough's insurance agent in procuring Martha Taylor's signature on either the checks or the release.
But, even assuming, arguendo, that there was some evidence of fraud on the part of Dorough's insurance agent, this Court has frequently held:
 "Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances. If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover."
Torres v. State Farm Fire Casualty Co., 438 So.2d 757, 758-59
(Ala. 1983) (citations omitted). *Page 543 
Here, the checks endorsed by the Taylors contained the following language:
 "Release in full of all claims against William Dorough arising out of an accident at or near Wilsonville, Alabama, on or about 11/19/85."
The Taylors signed a document entitled "RELEASE IN FULL OF ALL CLAIMS," which reads, in pertinent part:
 "It is further understood and agreed that this settlement is in FULL SATISFACTION OF ALL DAMAGES of a doubtful and disputed claim, and that payment of said sum is not to be construed as initial liability on the part of the above party/parties released and discharged by whom liability is expressly denied.
 "FOR AND IN CONSIDERATION of the payment to Lloyd [sic] Taylor and Martha Taylor the sum of $5,500.00, the receipt of which is hereby acknowledged, I/we, being of lawful age, do hereby release, acquit and forever discharge William Dorough and any other persons, firms or corporations of and from any and all actions, causes of actions, claims, demands, damages, costs, cost of service, expenses and compensation on account of or in any way growing out of, any and all known or unknown personal injuries and property damage resulting or to result from an accident that occurred on or about the 19th day of November, 1985, at or near Wilsonville, Alabama.
 "THE UNDERSIGNED UNDERSTANDS AND AGREES THAT THIS IS IN FULL SATISFACTION OF ALL DAMAGES ARISING ON ACCOUNT OF THE ABOVE-DESCRIBED ACCIDENT AND WILL RECEIVE NO FURTHER SUMS OF MONEY AND THAT THE UNDERSIGNED AGREES TO NOT ASSERT OR PROSECUTE ANY FURTHER CLAIMS OR LAWSUITS THEREFOR AGAINST ANYONE WHOMSOEVER, WHETHER OR NOT HEREIN OTHERWISE NAMED, DESCRIBED OR IDENTIFIED. ANY AND ALL CLAIMS AGAINST PARTIES NOT SPECIFICALLY RELEASED HEREIN, IF ANY, ARE HEREBY ASSIGNED IN FULL TO THE PARTIES HEREBY RELEASED."
The Taylors admit that neither of them read the release or looked at the front of the checks, although they testified that they were not prevented from doing so.
Because I believe there is no evidence of any fraud in this case, or, even assuming some evidence of fraud, because I believe the Taylors failed to safeguard their interests, I respectfully dissent.
HOUSTON, J., concurs.