I write separately to state that I believe that the rule of law set out in Hickox v. Stover, 551 So.2d 259 (Ala. 1989), should be modified and that the "justifiable reliance" standard should be replaced with the tried and true "reasonable reliance" standard, which, by its very nature, would allow the factfinder to take into consideration the bargaining power of the parties, whether there was an independent investigation, as there was here, and whether, in view of all the facts and circumstances, the aggrieved party reasonably relied on the alleged misrepresentation to his or her detriment. SeeMcCullough v. McAnalley, 590 So.2d 229 (Ala. 1991) (Maddox and Almon, JJ., dissenting).
Whether the standard is described as "justifiable reliance" or as "reasonable reliance," I believe, is not important, but I do think that the standard set out in Torres v. State FarmFire Casualty Co., 438 So.2d 757 (Ala. 1983), is substantially the standard set forth in § 547, Restatement (Second) of Torts, quoted in the majority opinion. The "reasonable reliance" standard, as I understand it, would be easier to apply and would apply in every situation, like this one, where the person who claims he was defrauded had made an independent investigation. The basic holding of the trial court, and this Court, as I view it, is that it was unreasonable for the plaintiff, in view of his own investigation, to claim that be relied on the alleged fraudulent representation to his detriment.