MADDOX, Justice
(concurring specially).
I agree that the appellant has failed to show reversible error. I write separately to express what I believe the law should be relating to the proper “reliance” instruction to give to the jury in a fraud case. I firmly believe that this Court should go back to the old “reasonable reliance” standard in fraud cases. I think the rule of law set out in Hickox v. Stover, 551 So.2d 259 (Ala.1989), is incorrect and should be overruled. To my mind, the “justifiable reliance” standard should be replaced with , the tried and true “reasonable reliance” standard. Under the “reasonable reliance” standard the factfinder here would be allowed to take into consideration such things as whether the plaintiff, Dallas G. Kelly, was a novice mechanic. In short, I believe the jury should have been instructed that, in deciding whether Kelly was defrauded, it should determine 'Whether he reasonably relied on the alleged misrepresentation to his detriment, in view of all the circumstances of the case. See McCullough v. McAnalley, 590 So.2d 229 (Ala.1991) (Maddox and Al-mon, JJ., dissenting).
I do not think that it matters whether the standard is described as “justifiable reliance” or as “reasonable reliance,” but I do think that the standard set out in Torres v. State Farm Fire & Casualty Co., 438 So.2d 757 (Ala.1983), is substantially the standard set forth in Restatement (Second) of Torts § 547 (1977). As I understand it, the “reasonable reliance” standard would be easier to apply and would apply in every situation. Having said what I believe the law should be, however, I cannot say that the appellant has shown prejudicial error to reverse.