THOMPSON, Judge,
concurring specially.
I concur only because this case is governed by the “justifiable reliance” standard of review. Under that standard, plaintiffs had virtually no responsibility to protect their own interests by reading a document before signing it. Hickox v. Stover, 551 So.2d 259 (Ala.1989). See Foremost Ins. Co. v. Parham, 693 So.2d 409, 418 (Ala.1997) (the “justifiable reliance” standard “basically eliminated a person’s duty to read and to attempt to understand the contents of a document”).
In Foremost Ins. Co. v. Parham, supra, our supreme court returned to the “reasonable reliance” standard for all cases filed after March 14, 1997, the date of that opinion. Under the reasonable reliance standard, “the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests.” Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala.1983).
The justifiable reliance standard virtually guarantees that an allegation that a defendant misrepresented a material fact will proceed to the jury; therefore, I must concur in this opinion. If this ease were decided under the reasonable reliance standard, I would dissent.