814 So.2d 227 (2001)
WHOLESALE MOTORS, INC.
v.
John WILLIAMS.
1991827.
Supreme Court of Alabama.
June 15, 2001.
Rehearing Denied September 7, 2001.
*228 John M. Britton, Phenix City, for appellant.
Sam E. Loftin and James E. Hall of Loftin, Herndon, Loftin & Hall, Phenix City, for appellee.
STUART, Justice.
The defendant, Wholesale Motors, Inc., appeals from a judgment entered against it on a jury verdict for the plaintiff John Williams.
John Williams and his wife visited a used-car dealership operated by Wholesale Motors, to purchase an automobile. Williams owned a Toyota automobile that had 138,000 miles, and he wanted to purchase an automobile with lower mileage. Williams found a 1992 Mercury Sable automobile at Wholesale Motors. The automobile's odometer showed 50,000 miles. A representative of Wholesale Motors, when questioned by Williams, stated that the odometer reading was correct. On January 6, 1998, Williams purchased the automobile, for $4,995. Williams traded in his Toyota automobile and received a $1,457 credit toward the purchase.
When Williams and Wholesale Motors executed the sale contract, Williams signed several documents. All of these documents *229 indicated that the mileage on the purchased vehicle was 50,000.
Williams immediately began having problems with the automobile. The day after the purchase, Williams returned the automobile to the dealership with a problem; he learned that the headgaskets were blown and that the lifters had to be replaced. Although Wholesale Motors made the repairs, Williams was without the vehicle for three weeks.
When Wholesale Motors returned the automobile after making the repairs, Williams asked for the documents required for him to purchase a license plate. Wholesale Motors gave Williams a Georgia registration receipt; that receipt indicated the car had over 120,000 miles on it. When Williams inquired about the mileage, Wholesale Motors' manager, Johnny Mitchell, Sr., told him that the document showing mileage in excess of 120,000 was erroneous and that the correct mileage was 50,000 miles.
Because of the mechanical problems and the discrepancy in the documentation, Williams decided that he did not want the automobile; he asked Wholesale Motors to replace it with another car. Wholesale Motors, however, maintained that the automobile was all right and refused to exchange.
Williams sued Wholesale Motors, alleging fraud. At trial, Mitchell admitted that Wholesale Motors had known the actual mileage was 150,000. The evidence further established that the title application given to Williams indicated that the automobile had 50,000 miles. When Wholesale Motors sent the title application to the State of Alabama, the application indicated the automobile had 150,000 miles. Mitchell admitted that it appeared that the number "1" had been added to the document, before the number "50,000," after Williams had purchased the automobile. Additionally, although Mitchell maintained that Wholesale Motors had not had the title information when Williams purchased the automobile, he admitted that when Wholesale Motors had purchased the automobile the title was unencumbered and should have been immediately transferred to Wholesale Motors.
Wholesale Motors moved for a judgment as a matter of law, arguing that Williams had failed to establish a prima facie case of fraud. The trial court denied the motion and submitted the case to the jury. The jury returned a verdict for Williams, awarding him $1,457 in compensatory damages and $75,000 in punitive damages. The trial court entered a judgment on the verdict and denied Wholesale Motors' postjudgment motion for a remittitur or for a new trial.

I.
Wholesale Motors contends that the trial court erred in denying its motion for a judgment as a matter of law and later its motion for a new trial. It argues that Williams failed to establish a prima facie case of fraud because, it says, Williams did not establish the element of detrimental reliance.
"In reviewing a ruling on a motion for a [judgment as a matter of law], this Court views the evidence in the light most favorable to the nonmovant [Williams, in this case,] and entertains such reasonable inferences from that evidence as the jury would have been free to draw." Daniels v. East Alabama Paving, Inc., 740 So.2d 1033, 1037 (Ala.1999).
"Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." § 6-5-101, *230 Ala.Code 1975. In order to recover for misrepresentation, the plaintiff must have relied on a false representation, and the plaintiff's reliance must have been reasonable under the circumstances; that is, the plaintiff must have exercised the ordinary care a reasonably prudent person would have exercised in an attempt to discover the true facts. Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997), citing Torres v. State Farm Fire & Cas. Co., 438 So.2d 757 (Ala.1983), and overruling Hickox v. Stover, 551 So.2d 259 (Ala.1989).
Viewing the evidence in a light most favorable to Williams and entertaining such reasonable inferences from that evidence as the jury would have been free to draw, we conclude that the trial court properly denied Wholesale Motors' motion for a judgment as a matter of law. The evidence established that Williams informed Wholesale Motors he desired to purchase an automobile with less mileage than the one he owned at the time. Williams questioned the mileage on the Mercury Sable automobile and was told that it was 50,000 miles. When Williams discovered a discrepancy in the documentation, he again questioned Wholesale Motors. Wholesale Motors maintained that the document stating the automobile had over 120,000 miles was erroneous and that the correct mileage was 50,000 miles. Williams presented substantial evidence from which the jury could have reasonably inferred that Wholesale Motors misrepresented the mileage and that Williams reasonably relied on the misrepresentation.

II.
Wholesale Motors contends that the trial court erred in denying its motion for a remittitur or for a new trial. Specifically, it argues that the punitive-damages award bears no reasonable relationship to the actual damage suffered by Williams and that the punitive-damages award is therefore excessive. Consequently, Wholesale Motors maintains, the punitive-damages award should be remitted.
To support an award of punitive damages, the evidence presented to the jury had to be "clear and convincing," that is, when weighed against opposing evidence, it had to produce in the minds of the jurors a "firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion." § 6-11-20(b)(4), Ala.Code 1975. In this case, punitive damages could be awarded only upon a finding of "fraud," which the Legislature has defined as
"[a]n intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury."
Section 6-11-20(b)(1), Ala.Code 1975. A "gross" misrepresentation is one that is inexcusable, flagrant, or shameful. Talent Tree Personnel Servs., Inc. v. Fleenor, 703 So.2d 917, 924 (Ala.1997).
Our review of the record convinces us the jury could have reasonably concluded that Williams's evidence regarding Wholesale Motors' misrepresentations about the mileage was "clear and convincing" and showed that the misrepresentation was "gross."
We have reviewed the $75,000 punitive-damages award on the fraud claim, considering the "guideposts" set out by the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the standards this Court established in Green Oil Co. v. Hornsby, 539 So.2d 218, *231 223-24 (Ala.1989), and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). We are persuaded that that award is excessive to the extent it exceeds $20,000.

Conclusion
The judgment is affirmed on the condition that Williams file a remittitur of all punitive damages in excess of $20,000. If Williams does not file such a remittitur with this Court within 30 days from the date of the release of this opinion, the judgment will be reversed and a new trial ordered.
AFFIRMED CONDITIONALLY.[*]
HOUSTON, SEE, LYONS, BROWN, and HARWOOD, JJ., concur.
MOORE, C.J., and JOHNSTONE and WOODALL, JJ., concur in part and dissent in part.
MOORE, Chief Justice (concurring in part and dissenting in part).
Wholesale Motors sold John Williams a 1992 Mercury Sable automobile with an odometer reading of approximately 50,000 miles. Williams subsequently discovered that a Georgia license-plate receipt related to the car had indicated the car had been driven more than 120,000 miles. John Mitchell, Sr., the manager of Wholesale Motors, repeatedly assured Williams that 50,000 was the correct mileage. Mitchell admitted at trial that the actual mileage on the Sable before it was sold to Williams was approximately 150,000 miles. Mitchell further admitted that he had given Williams a title application with the 50,000 mile figure and that he knew that it had later been altered to indicate mileage of 150,000, before he mailed it to the State of Alabama.
The jury awarded Williams $1,457 in compensatory damages and $75,000 in punitive damages. The trial court entered a judgment on that verdict. I concur in that part of the opinion affirming the trial court's imposition of liability. The record before us supports that imposition of liability, and it supports the award of damages, as well. The trial court heard the testimony and the arguments of these parties. I am uncomfortable when an appellate court reweighs facts the trial court has already reviewed from a much better vantage point.
More than two centuries ago, Sir William Blackstone wrote, disapprovingly:
"In every other country of Europe, and in those of our own tribunals which conform themselves to the process of the civil law, the parties are at liberty, whenever they please, to appeal from day to day and from court to court upon a question merely of fact; which is a perpetual source of obstinate chicane, delay, and expensive litigation. With us, no new trial is allowed unless there be manifest mistake and the subject matter be worthy of interposition."
3 William Blackstone, Commentaries on the Laws of England, 392-93 (1772).
The scope of appellate review in Alabama today is not unlike that applied in *232 England in Blackstone's era. "The determination of how much to award is left to the sound discretion of the jury, subject only to review by the court for a clear abuse of that discretion." First Commercial Bank v. Spivey, 694 So.2d 1316, 1326 (Ala.1997). The multiple conflicting views expressed by my fellow Justices in this case testify to the need for an appellate court to defer to the judgment of the trial court, absent a clear abuse of discretion.
Wholesale Motors has predicated this appeal on a claim that the evidence was legally insufficient to support the verdict and the judgment. This Court has no authority to reweigh facts that have already been decided by the jury and considered on postjudgment review by the trial court. The trial court did not abuse its discretion. Wholesale Motors, by Mitchell's own testimony, repeatedly lied and cheated in its dealings with John Williams. I would therefore affirm the judgment of the trial court. I therefore dissent from that portion of this Court's opinion and judgment requiring a remittitur. I strongly favor the common-law concept of remittitur, to be applied in a case where the judgment does not reflect common sense or reason with respect to the imposition of punitive damages. In this case, however, I find the conduct of the defendant to have been so egregious that I conclude the trial judge did not abuse his discretion in denying the motion for a remittitur.
JOHNSTONE, Justice (concurring in part and dissenting in part).
While I concur on the issue of liability, I dissent from the remittitur. The punitive damages award of $75,000 is commensurate with the tort; and a $20,000 award is inadequate as a deterrent to other dealers. Most of them will not learn about it or will not be sobered by it.
WOODALL, Justice (concurring in part and dissenting in part).
While I concur on the issue of liability, I dissent from the extent of the remittitur. I would affirm on the condition that Williams file a remittitur of all punitive damages in excess of $30,000.
NOTES
[*] Note from the reporter of decisions: On September 25, 2001, the Supreme Court issued a "certificate of judgment of affirmance" reading as follows:

"WHEREAS, in keeping with the former order and judgment of this Court entered on June 15, the appellee, John Williams, having not filed an acceptance of remittitur, as set out in this Court's opinion and within the time required by this Court, IT IS NOW CONSIDERED, ORDERED AND ADJUDGED that the judgment of the court below be reversed and annulled and this cause is remanded to the court below for a new trial.
"IT IS FURTHER ORDERED that the costs of appeal be taxed against appellee as provided by Rule 35, Alabama Rules of Appellate Procedure."